UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lyle M. Heyward, *et al.*,   Case No. 3:19-cv-2499

    Plaintiffs,

v.   ORDER

Heather Cooper, *et al.*,

    Defendants.

    Plaintiff Lyle Heyward, proceeding *pro se*, has filed a purported class action 42 U.S.C. § 1983 complaint, along with 13 other named plaintiffs, alleging various individuals employed by the Allen-Oakwood Correctional Institution ("AOCI") and the Ohio Department of Rehabilitation and Correction ("ODRC") have engaged in a variety of actions which have violated the plaintiffs' constitutional and civil rights, as well as the Sherman Anti-Trust Act and the Ohio Valentine Anti-Trust Act. (Doc. No. 1). He also has filed a combined motion for an order stating he has perfected service on 22 of the 25 named Defendants, for an order waiving service on the remaining 3 Defendants, and for the appointment of counsel. (Doc. No. 5).

    There are several sets of problems with Heyward's requests. The first is that Heyward purports to act on behalf of the other 13 named inmates as well as on behalf of a class of all other inmates at AOCI who are classified as "Muslim/Islamic/Nuwaubian/N.O.I/Sunni/Shi'ite/Ansaaru Allah, and/or Nubian-Islaamic-Hebrew". (Doc. No. 1 at 4). Those 13 named inmates did not sign the complaint or the subsequent filings and the docket in this case offers no indication those individuals are aware of this litigation, much less that they have attempted to give Heyward

permission to act on their behalf. Further, it is well-settled that because "*pro se* means to appear for one's self[,] a [lay] person may not appear on another person's behalf" to pursue that other person's cause of action. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998)). Nor can a person who is not an attorney be appointed to represent a proposed class. *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009).

While Heyward has requested that counsel be appointed for himself as well as the rest of the named and unnamed plaintiffs, there is no constitutional right to counsel in a civil case. Further, Heyward fails to demonstrate appointment of counsel is justified by "exceptional circumstances" because the contours of the claims Heyward is entitled to assert on his own behalf are far less complex than the contours of the claims he impermissibly seeks to assert for others. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). I deny Heyward's request for counsel without prejudice.

Rule 11 requires "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name[,] or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). None of the Plaintiffs' filings in this case comply with Rule 11(a). A "court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). The defects in Plaintiffs' filings must be correctly promptly or those filings will be stricken from the docket.

The second set relates to Heyward's motion concerning service. He does not show he has perfected service on any of the defendants. His institutional cash slips, (Doc. No. 5-1), show only that he paid for postage. Those documents do not establish any defendant was properly served. *See LSJ Investment Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir.1999) (Actual notice of a lawsuit is not a substitute for proper service.).

2

Moreover, neither Heyward nor any of the other named or purported plaintiffs may personally serve the Defendants. Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."); Fed. R. Civ. P. 4(c)(2) (Service may be made by "[a]ny person who is at least 18 years old and <u>not a party</u> may serve a summons and complaint." (emphasis added)).

Rule 4(m) requires that a defendant be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). This case already has been pending for nearly 11 months. A plaintiff's failure to timely serve a defendant will result in dismissal without prejudice of the action against that defendant. Fed. R. Civ. P 4(m); *Wise v. Dep't of Def.*, 196 F.R.D. 52, 53 n.1 (S.D. Ohio 1999).

Therefore, I deny Heyward's motion to show service. (Doc. No. 5). Further, I order that, no later than November 20, 2020, all named plaintiffs in this action shall (1) sign and file a complaint stating the basis for their claims against the Defendants; and (2) perfect service of a summon and complaint on all Defendants. The failure of any plaintiff to comply with both of these requirements shall result in dismissal of that plaintiff's claims without prejudice.

So Ordered.

    s/ Jeffrey J. Helmick
    United States District Judge