UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lyle M. Heyward,                                            Case No. 3:19-cv-2499

             Plaintiff,

v.                                                     MEMORANDUM OPINION
                                                        AND ORDER

Heather Cooper, *et al.*,

             Defendants.

## I.   INTRODUCTION

Defendants Heather Cooper and Allysa Damschroder have filed a motion to dismiss the claims asserted against them by *pro se* Plaintiff Lyle Heyward. (Doc. No. 15). Heyward did not file a brief in opposition to the motion to dismiss and the deadline for doing so has passed. Heyward has filed a motion for an order to show cause, alleging certain individuals (who are employed at the Marion Correctional Institution but not named as defendants in this litigation) have harassed him and attempted to interfere with his pursuit of his claims in this and other cases. (Doc. No. 16). For the reasons stated below, I deny Heyward's motion and grant Defendants' motion.

## II.   BACKGROUND

Heyward filed a purported class action 42 U.S.C. § 1983 complaint, naming 13 other inmates as plaintiffs, and alleging various individuals employed by the Allen-Oakwood Correctional Institution ("AOCI") and the Ohio Department of Rehabilitation and Correction ("ODRC") have

engaged in a variety of actions which have violated the plaintiffs' constitutional and civil rights, as well as the Sherman Anti-Trust Act and the Ohio Valentine Anti-Trust Act. (Doc. No. 1).

I previously ruled Heyward cannot assert claims on behalf of other inmates, whether named or as part of a class, while proceeding *pro se*. (Doc. No. 6). I also denied Heyward's motion to deem service had been perfected on all of the named Defendants and ordered him perfect service no later than November 20, 2020. (*Id.*). I granted Heyward's motion for an extension of that deadline until December 16, 2020, (Doc. No. 12), and Heyward subsequently filed certified mail receipts for 22 of the named Defendants. (Doc. No. 13-1).

Defendants Cooper and Damschroder are employees of Aramark Correctional Services, which provides food services at AOCI and other ODRC facilities. Heyward alleges Damschroder is an "Administrative Assistant in the Prisoner's Café/Chow Hall/ Kitchen." (Doc. No. 1 at 3). Cooper, as the food service director, "is responsible for overseeing and managing food service operations at AOCI, including scheduling, inventorying, ordering, hiring, and delegating orders to Aramark staff and prisoners, and development and coaching/training of Aramark staff and Prisoners." (*Id.* at 3-4). Cooper and Damschroder argue Heyward's claims against them should be dismissed for failure to perfect service of process and for failure to state a claim. (Doc. No. 15-1). As I mentioned above, Heyward did not file a brief in opposition to the motion to dismiss, and the deadline for doing so has passed. *See* Local Rule 7.1(d).

Heyward subsequently filed a motion for an order to show cause. (Doc. No. 16). The motion is directed at the named Defendants in this case but alleges misconduct only by ODRC employees who are not named as Defendants (Plank, Brewer, Cotton, and Dinkin). (*Id.* at 2-3).

### III.  STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion

2

to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### IV.     ANALYSIS

#### A.     SERVICE OF PROCESS

Cooper and Damschroder first argue Heyward failed to effect timely service of process because "service was not made until over a year after the Complaint was filed," and not within Rule 4's 90-day window. (Doc. No. 15-1 at 3). They move to dismiss Heyward's claims against them under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5) (A party may file a motion to dismiss for "insufficient service of process.").

Rule 4(m) does not set a hard and fast deadline after which a plaintiff's case must be dismissed if the plaintiff has not completed service. Instead, that deadline may be extended by the exercise of a court's discretion, through an order directing the plaintiff to effect service within a designated period of time. *See Clemons v. Soeltner*, 62 F App'x 81, 82 (6th Cir. 2003) ("Rule 4(m) provides that if service of the summons and complaint is not made within 120 days of filing the complaint, the court shall upon motion or *sua sponte* dismiss the action without prejudice, or direct that service be effected in a specified time."); *see also Price v. Echols*, 17 F. App'x 266, 267 (6th Cir. 2001) (affirming district court's decision to dismiss after plaintiff "failed to perfect service of process on the defendants within 120 days of the filing of her complaint or the additional time permitted by the district court"). Defendants fail to show Heyward's claims against them must be dismissed on

this basis because Heyward completed service on Cooper and Damschroder within the time period I set.

Defendants also argue "Plaintiff cannot perfect service by mailing the Complaint to the prison." (Doc. No. 15-1 at 4). Defendants do not provide any authority in support of this assertion, which could result in the invalidation of service of process on hundreds of defendants annually in the Western Division of the Northern District of Ohio alone. Moreover, this argument fails to take into account that an employee at AOCI accepted service of the complaint and summons on behalf of Cooper and Damschroder, as permitted by Rule 4(e)(2)(C). (*See* Doc. No. 13-1 at 1, 19). Cooper and Damschroder have not shown Heyward failed to accomplish valid service under Rule 4(e)(2).

Because Cooper and Damschroder have not demonstrated service of process was insufficient, I deny their motion to dismiss on this basis.

B. **MOTION TO DISMISS**

Cooper and Damschroder offer two additional veins of argument in support of their motion to dismiss. The first is that they are employees of a private company and therefore they cannot be held liable under § 1983 because they are not state actors acting under the color of state law. (Doc. No. 15-1 at 5-7).

This argument is not persuasive. The Eighth Amendment requires that States, including Ohio, provide "adequate food" to inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When "Aramark contract[s] with [a] prison to provide basic necessities for inmates in place of the state of [Ohio], it plausibily act[s] under color of state law for purposes of § 1983." *Vartinelli v. Aramark Corr. Serv., LLC*, 796 F. App'x 867, 871 (6th Cir. 2019) (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)). The facts alleged in the Complaint plainly support the conclusion that Cooper and Damschroder acted under color of state law when they provided food services within AOCI in place of the State of Ohio.

4

Defendants' citation to *Marin v. Corr. Corp. of Am.*, Case No. 4:12-cv-508, 2012 WL 3077892 (N.D. Ohio July 30, 2012), does not change the outcome. In that case, my colleague, United States District Judge Benita Pearson, rejected the plaintiff's § 1983 claim because the defendants operated a private, <u>federal</u> prison where the plaintiff was incarcerated. By contrast, there is no question that Heyward is incarcerated in a prison operated by the State of Ohio.

Defendants' second argumentative vein – that Heyward has not plausibly alleged they violated his constitutional rights – fares better. While Heyward asserts seven causes of action, only three involve allegations against Cooper and Damschroder – violation of religious free exercise rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), denial of equal protection rights, and violation of federal and state antitrust laws. (Doc. No. 1 at 1-2, 4-7, 13-14). In none of these three claims does Heyward include allegations sufficient to state a plausible claim for relief against either of these Defendants.

**1.      Damschroder**

The Complaint includes two paragraphs containing Damschroder's name: (1) paragraph 26, which identifies her as an administrative assistant in the food service area, and (2) paragraph 28(e), which includes her in a list of Defendants who purportedly denied Muslim inmates proper nutrition by providing only 750-1,000 calories each day during Ramadan. (Doc. No. 1 at 3, 6). The Complaint offers no more than a legal conclusion of wrongdoing on Damschroder's part, even after taking into consideration the additional leeway provided to pro se plaintiffs. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (affirming dismissal of pro se plaintiff's Eighth Amendment claim because plaintiff pled only "a legal conclusion without surrounding facts to support the conclusion stated in this claim). Heyward fails to allege facts which support a plausible inference that Damschroder, as an administrative assistant, was "personally involved in the alleged deprivation of

5

federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)). Therefore, I grant the motion to dismiss as to the claims asserted against Damschroder.

   **2.   Cooper**

      **a.   Free Exercise of Religion**

Heyward first alleges Cooper, along with other named Defendants, violated his free exercise rights and the RLUIPA by: (1) serving food prepared by non-Muslims during Ramadan; (2) failing to provide dates for the breaking of the Ramadan fast; (3) prohibiting Muslims from eating their evening meal together; (4) providing only 750-1,000 calories per day during Ramadan; (5) allowing other "inmates to steal the food designated for the Muslim observance of Ramadan." (Doc. No. 1 at 4-7).

Inmates "have a constitutional right to be served meals that do not violate their sincerely-held religious beliefs[, b]ut there is no constitutional right for each prisoner to be served the specific foods he desires." *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (citing *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) and *Spies v. Voinovich*, 173 F.3d 398, 406-07 (6th Cir. 1999)). The Sixth Circuit has repeatedly held inmates fail to state a First Amendment free exercise claim where the challenged prison policy does not force inmates to violate their religion. *See, e.g., Robinson*, 615 F. App'x at 314; *Spies*, 173 F.3d at 406-07; *Abdullah v. Fard*, 173 F.3d 854, at *1 (6th Cir. 1999) (unpublished table decision); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995).

While Heyward may desire that the ODRC provide dates and arrange for Muslims to work in the cafeteria preparing meals for other Muslims, he does not allege he was forced to eat foods that he believes are impermissible or that he did not have other means of accessing the foods he desired to eat. *See Cloyd v. Dulin*, No. 3:12-cv-1088, 2012 WL 5955234, at *4 (M.D. Tenn. Nov. 30, 2012)

6

("[A]s long as a plaintiff is given an alternative to eating non-halal meat, he does not suffer a 'substantial burden' to his religious beliefs under the RLUIPA." (citing *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 810-12 & n.8 (8th Cir. 2008) and *Watkins v. Shabazz*, 180 F. App'x 733, 775 (9th Cir. 2006)).

Heyward also fails to state a claim for relief against Cooper with respect to his assertion that it is a "mandatory tenet" of his faith that "all the Muslims are to eat their evening meal together . . . during the entirety of Ramadan . . . ." (Doc. No. 1 at 6). Heyward indicates the fast typically is broken between 8:50 p.m. and 9:15 p.m., while the cafeteria hours are between 5:30 p.m. and 6:30 p.m. (*Id.*). Heyward offers no facts to support the implication that Cooper (an employee of the food service contractor) plays any part in deciding where Muslim inmates may eat meals outside of the daily dining periods.

Moreover, Heyward fails to state a claim with respect to his allegations concerning the caloric content of the meals offered during Ramadan because he does not allege he suffered any injury. While "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions[,] . . . [i]f the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Colvin*, 605 F.3d at 290 (quoting *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002)). Heyward, on behalf of himself and a total of 57 other Muslim inmates, alleged "some Muslims [lost] up to and even more than 20 [pounds] during Ramadan . . . [and] some of the [Plaintiffs] . . . had to quit observing Ramadan, due to getting ill from extreme hunger imposed on them by Defendants . . . ." (Doc. No. 1 at 6). Heyward has not alleged he personally suffered harm and the less stringent pleading standards applied to pro se lawsuits do not require that I assume unpled factual allegations to be true. *See, e.g., Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Nor does Heyward state a plausible claim through his assertion that a "massive theft of food . . . occurs during Muslim religious observations." (Doc. No. 1 at 7). Even accepting this allegation as true, *Daily Services*, 756 F.3d at 896, the Complaint contains no allegations which explain why the consumption by non-Muslim inmates of food compliant with the requirements of Islamic law creates an undue burden on Heyward's rights.

        **b.**      **Equal Protection**

Next, Heyward alleges Cooper violated his equal protection rights by (1) not providing dates or allowing Muslims to break their daily fast together during Ramadan, and (2) allowing non-Muslim inmates to take food prepared for the observance of Ramadan. (Doc. No. 1 at 4-6). A plaintiff who brings an Equal Protection claim under § 1983 "must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000); *see also Abdullah*, 173 F.3d 854, at *2 (affirming dismissal of Muslim inmate's equal protection claim because inmate failed to show defendants' "behavior was motivated by purposeful discrimination").

Heyward's allegations, taken as true, are insufficient to state an equal protection claim because he does not plausibly allege Cooper acted with discriminatory intent. While Heyward repeatedly alleges Muslim inmates were not permitted to observe Ramadan to the same extent as Christian and Jewish inmates (among others) were permitted to observe mandatory tenets on their faiths, he offers only the conclusory statements that these alleged differences were "discriminatory" and the result of "Defendants' religiously bigoted agenda against Muslims." (Doc. No. 1 at 6). The Complaint does not include "sufficient facts to allow an inference" that Cooper acted with a discriminatory purpose. *Dowdy-El v. Caruso*, No. 06-11765, 2012 WL 8170409, at *19 (E.D. Mich. July 24, 2012); *see also Robinson*, 615 F. App'x at 314-15 (affirming district court judgment in favor of

defendants due to plaintiff's failure to allege the defendants acted with "intentional or purposeful discrimination").

Heyward has not established "more than differential treatment alone," *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019), and, therefore, I conclude he fails to state an equal protection violation.

### c.     Antitrust Claims

Lastly, Heyward alleges Cooper, along with two other named Defendants, is "directly responsible for the illegal [food service] monopoly that exist[ed] at AOCI" through "degrading the quality and palatability of food," "diminishing quantities of food portion sizes," and eliminating whole-protein items. (Doc. No. 1 at 13-14).

Both federal and Ohio law prohibit agreements to restrain or monopolize trade and commerce. *See, e.g., Parker v. Brown*, 317 U.S. 341, 350 (1943) (The Sherman Act prohibits agreements to restrain or to monopolize "any part of the trade or commerce among the several States."); *Schweizer v. Riverside Methodist Hosps.*, 671 N.E.2d 312, 314 (Ohio Ct. App. 1996) (The Valentine Act, patterned on the Sherman Act, was "formulated to prevent monopolies, which, in general, means the concentration of business in the hands of a few or a combination for the purpose of raising or controlling prices." (citing *List v. Burley Tobacco Growers' Co-op Ass'n*, 151 N.E. 471, 477 (Ohio 1926))).

The scope of these laws, however, is not unbounded. The limitation relevant here is the "state action" exemption: when "'the action complained of . . . was that of the State itself, the action is exempt from antitrust liability regardless of the State's motives in taking the action.'" *City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365, 377-78 (1991) (quoting *Hoover v. Ronwin*, 466 U.S. 558, 579-80 (1984)); *see also Thaxton v. Medina City Bd. of Educ.*, 488 N.E.2d 136, 137 (1986) (holding the Valentine Act does not apply to governmental agencies "acting within their usual governmental capacity").

The state action exemption applies to the matters of prison administration. *See, e.g., Jordan v. Mills*, 473 F. Supp. 13, 15 (E.D. Mich. 1979) (holding the state action exemption barred plaintiff's claim "regarding price fixing and other monopolistic activity . . . in [the] operation of the prison's inmate store"); *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp. 2d 988, 1010 (S.D. Ohio 2003) (holding the state action exemption barred plaintiff's Sherman Act and Valentine Act claims for alleged antitrust violations in setting of prices for inmate-initiated telephone calls).

Thus, Heyward's Sherman Act and Valentine Act claims are barred by the state action exemption and I dismiss his claims on that basis.

### C. MOTION FOR ORDER TO SHOW CAUSE

Finally, as I noted above, Heyward has filed a motion for an order to show cause. (Doc. No. 16). He alleges the named Defendants "are all in one way or another chronyisticly [sic]/ nepotisticly [sic] associated/ friends with the now MCI Unit Manager V. Dinkins." (*Id.* at 4). Heyward contends he transferred from AOCI to Marion Correctional Institution ("MCI") in retaliation for exercising his First Amendment rights, and that individuals at MCI have been retaliating against him since he arrived at that institution. (*Id.*).

I conclude Heyward has not demonstrated a show cause order is appropriate. The alleged connection between the named Defendants and the individuals at MCI is no more than insinuation and presumption. Moreover, Heyward does not allege anyone actually has interfered with his right to file grievances or his access to the courts, but only that the alleged "[a]gents" of the named Defendants "have a clear intent to confiscate and destroy Plaintiff's legal materials." (*Id.* at 3). In short, Heyward offers only speculation that his rights might be violated in the future. Such speculation is not a basis for a show-cause order. I deny his motion.

V.     CONCLUSION

For the reasons stated above, I grant the motion of Defendants Heather Cooper and Allysa Damschroder to dismiss the claims asserted against them by pro se Plaintiff Lyle Heyward. (Doc. No. 15). Further, I deny Heyward's motion for a show cause order. (Doc. No. 16).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
