**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Lyle M. Heyward,** | : | |
| | : | **Case No. 3:19-cv-02499** |
| Plaintiff, | : | |
| | : | **Judge Helmick** |
| v. | : | |
| | : | |
| | : | |
| **Heather Cooper, et al.,** | : | |
| | : | |
| Defendants. | : | |

## <u>INTERESTED PARTY THE STATE OF OHIO'S</u>
## <u>MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

Twenty-three (23) state employees ("Named Defendants"),[1] none of whom have yet been properly served, have nonetheless been named as defendants in this putative class action initially filed by Lyle M. Heyward on behalf of himself and thirteen other inmates ("Plaintiffs"). In order to save resources and avoid the need for multiple motions filed seriatim, the State of Ohio moves as an Interested Party to dismiss Plaintiffs' Complaint (ECF No.1) against the Named Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  A memorandum in support is attached.

---

[1] Under R.C. § 109.361, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee. Such appearance does not waive personal service and any defenses available at law. Here, Plaintiffs are suing current or former state employees and state agents which constitutes the State's interest. Accordingly, the State of Ohio is providing notice to the Court and to the parties of the limited appearance of Assistant Attorney General Mindy Worly as trial counsel and filing this motion to dismiss on the State of Ohio's behalf. Effective immediately, all pleadings and correspondence should be directed to the undersigned at the street address, email address and telephone numbers set forth below.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 728-0161
Fax: (866) 474-4985
Mindy.Worly@OhioAGO.gov

*Counsel for Interested Party State of Ohio*

## <u>TABLE OF CONTENTS</u>

Page

STATEMENT OF THE ISSUES TO BE DECIDED .................................................................1

SUMMARY OF ARGUMENT ...............................................................................................1

MEMORANDUM .................................................................................................................2

I.  Introduction ................................................................................................................2

II.  Law and Argument .....................................................................................................2

    A.  Standard of Review: Fed. R. Civ. P. 12(b)(6) ......................................................2

    B.  The Complaint Fails to State a Claim for Religious Discrimination under the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, or RLUIPA ........................................................................................4

    C.  There Is No Constitutional Right to Congregational Group Prayer .......................8

    D.  Plaintiff's Inadequate Nutrition Claim Likewise Fails as a Matter of Law ............8

    E.  Plaintiff Heyward Fails to State a § 1983 Claim Against Any Named Defendant ...........................................................................................................10

    F.  There is No Constitutional Right to An Effective Grievance System ..................12

    G.  The Complaint Fails to State a Retaliation Claim ...............................................14

    H.  Plaintiff's Punishment Cell-Related Claim Similarly Fails to State a Claim for Relief ...........................................................................................................16

    I.  Plaintiff Heyward's Parole Board-Related Claim Fails to State a Claim .............19

    J.  Plaintiff's Classification-Related Claim Fails to State a Claim for Relief ...........22

    K.  Plaintiff's Disciplinary-Related Claims Fail to State a Claim for Relief ............23

    L.  Plaintiff's Theft Claim Warrants No Relief .......................................................25

    M.  Ohio Revised Code § 9.86 Immunity for State Law Claims ...............................26

    N.  Defendants' Alleged Violations of State Law Fail to State a Claim ....................27

III.    CONCLUSION............................................................................................................29

CERTIFICATION  ............................................................................................................29

CERTIFICATE OF SERVICE ...........................................................................................30

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Argue v. Hofmeyer*,
   80 F. App'x. 427 (6th Cir. 2003) ...............................................................................18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................3, 11

*Ayers v. City of Cleveland*,
   2017-Ohio-8571 ...................................................................................................27

*Balderson v. Mohr*,
   No. 2:12-CV-235, 2012 U.S. Dist. LEXIS 60567 (S.D. Ohio May 1, 2012) ..........10

*Barber v. City of Salem*,
   953 F.2d 232 (6th Cir. 1992) ................................................................................28

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................2, 3

*Bittner v. Wilkinson*,
   19 F. App'x. 310 (6th Cir. 2001) ...........................................................................12

*Block v. Potter*,
   631 F.2d 233 (3d Cir. 1980)..................................................................................19

*Brody v. City of Mason*,
   250 F.3d 432 (6th Cir. 2001) ................................................................................28

*Brooks v. Dutton*,
   751 F.2d 197 (6th Cir. 1985) ................................................................................26

*Bullock v. McGinnis*,
   5 F. App'x. 340 (6th Cir. 2001) .........................................................................15, 16

*Carter v. Tucker*,
   69 F. App'x. 678 (6th Cir. 2003) ...........................................................................24

*Cash v. Reno*,
   No. 97-5220, 1997 WL 809982 (6th Cir. Dec. 23, 1997).......................................22

*Christian Separatist Church Soc. of Ohio v. Mohr*,
   No. 2:15-cv-2757, 2017 U.S. Dist. LEXIS 38901 (S.D. Ohio Jan. 30, 2017)...........5

*Copeland v. Machulis*,
   57 F.3d 476 (6th Cir. 1995) ..................................................................................26

*Damron v. Jackson*,
    No. 2:09-cv-050, 2012 U.S. Dist. LEXIS 13359 (S.D. Ohio Feb. 3, 2012) ............................8

*Daniels v. Williams*,
    474 U.S. 327 (1986)....................................................................................................................25

*Davis v. Berghuis*,
    No. l:12–CV–258, 2012 WL 3116360 (W.D. Mich. July 31, 2012) .....................................13

*Davis v. Strickland*,
    No. 2:09-CV-015, 2009 WL 2998980 (S.D. Ohio Sept. 15, 2009) ......................................17

*Desai v. Geico Cas. Co.*,
    Case No. 1:19 CV 2327, 2020 U.S. Dist. LEXIS (N.D. Ohio 2020)....................................28

*Devore v. Mohr*,
    No. 2:18-cv-559, 2019 U.S. Dist. LEXIS 125839 (S.D. Ohio July 29, 2019)....................8, 9

*Enyart v. Ohio, Department of Rehabilitation and Corr.*,
    Case No. 2:16-cv-161, 2017 U.S. Dist. LEXIS 17350 (S.D. Ohio 2017) ........................14, 15

*Ervin v. Davis*,
    No. 2:16-cv-186, 2017 U.S. Dist. LEXIS 91433 (S.D. Ohio June 14, 2017)...........................4

*Farmer v. Brennan*,
    511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)........................................................16

*Flagg Bros. v. Brooks*,
    436 U.S. 149 (1978)....................................................................................................................10

*Gibbs v. Hopkins*,
    10 F.3d 373 (6th Cir. 1993) .......................................................................................................26

*Goudlock v. Blankenship*,
    No. 1:13-CV-1215, 2015 WL 5730219 (N.D. Ohio Sept. 28, 2015)......................................23

*Green v. Tudor*,
    685 F. Supp.2d 678 (W.D. Mich. 2010) ...................................................................................13

*Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*,
    442 U.S. 1 (1979)........................................................................................................................19

*Grinter v. Knight*,
    532 F.3d 567 (6th Cir. 2008) .....................................................................................................12

*Haight v. Thompson*,
    No. 5:11CV–P118–R, 2011 WL 4473143 (W.D. Ky. September 26, 2011)...........................13

*Hall v. Thompson*,
Civil Action No. 3:16-cv-P476-DJH,
2016 U.S. Dist. LEXIS 163535 (W.D. Ky. 2016) ................................................14

*Halliburton v. Sunquist*,
59 F. App'x. 781 (6th Cir. 2003) .......................................................................17

*Hampton v. Hobbs*,
106 F.3d 1281 (6th Cir. 1997) ...........................................................................20

*Harbin—Bey v. Rutter*,
420 F.3d 571 (6th Cir. 2005) ..............................................................................24

*Harden-Bey v. Rutter*,
524 F.3d 789 (6th Cir. 2008) .................................................................................3

*Harrill v. Blount County, TN.*,
55 F.3d 1123 (6th Cir.1995) ...............................................................................13

*Harris v. Truesdell*,
79 F. App'x. 756 (6th Cir. 2003) ........................................................................24

*Heyerman v. Cnty. of Calhoun*,
680 F.3d. 642 (6th Cir. 2012) .............................................................................10

*Hodges v. Wilson*,
No. 07-249, 2008 U.S. Dist. LEXIS 125609,
2008 WL 5049742 (W.D. Pa. Nov. 25, 2008) ...............................................15, 16

*Hudson v. Palmer*,
468 U.S. 517 (1984)............................................................................................26

*Ivey v. Wilson*,
832 F.2d 950 (6th Cir. 1987) ..............................................................................14

*Jackson v. Hamlin*,
61 F. App'x. 131 (6th Cir. 2003) ........................................................................23

*Jackson v. Jamrog*,
411 F.3d 615 (6th Cir. 2005) .........................................................................18, 19

*Johnson v. Bredesen*,
624 F.3d 742 (6th Cir. 2010) ..............................................................................18

*Jones v. Finco*,
No. 17-1902, 2018 U.S. App. LEXIS 3157 (6th Cir. Feb. 8, 2018).......................10

*Jones v. McKinney*,
No. 97-6424, 1998 U.S. App. LEXIS 32665,
1998 WL 940242 (6th Cir. Dec. 23, 1998) ............................................................................23

*Keenan v. Marker*,
23 F. App'x. 405 (6th Cir. 2001) ....................................................................................12, 13

*Knecht v. Collins*,
903 F. Supp. 1193 (S.D. Ohio 1995) ...................................................................................14

*Krause v. Leonard*,
352 F. App'x. 933 (5th Cir. 2009) ........................................................................................17

*Lakhani v. Seneca County Sheriff's Office*,
2011 U.S. Dist. LEXIS 78424 (N.D. Ohio June 30, 2011) ................................................8, 14

*Laney v. Farley*,
501 F.3d 577 (6th Cir. 2007) ..............................................................................................28

*Lee v. Pauldine*,
No. 1:12-cv-077, 2013 U.S. Dist. LEXIS 1497 (S.D. Ohio Jan. 4, 2013) ..........................9, 23

*Levin v. Childers*,
101 F.3d 44 (6th Cir.1996) .................................................................................................13

*Linger v. Akram*,
23 Fed. App'x. 248 (6th Cir. 2001) ......................................................................................21

*Lister v. Coleman*,
No. 3:11 CV 2736, 2012 U.S. Dist. LEXIS 15016 (N.D. Ohio Feb. 6, 2012) ....................5, 6

*Long v. Sloan*,
No. 1:18CV1364, 2019 U.S. Dist. LEXIS 119854 (N.D. Ohio May 23, 2019) ......................6

*Lovely v. Hughes*,
No. 96-5536, 1997 WL 112386 (6th Cir. Mar. 12, 1997) ......................................................21

*Lugar v. Edmondson Oil Co.*,
457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) ......................................................28

*Martin v. Mohr*,
Case No. 3:16-cv-2807, 2018 U.S. Dist. LEXIS 108329 (N.D. Ohio 2018) ..........................14

*Mayrides v. Chaudhry*,
43 Fed. App'x. 743, 2002 WL 1359366 (6th Cir. 2002) ................................................19, 20

*McCormick v. Miami Univ.*,
693 F.3d 654 (6th Cir. 2012) ..............................................................................................27

*McCree v. Sherrod*,
No. 09-cv-601, 2010 WL 850117 (S.D. Ill. Mar. 5, 2010) .................................................... 17

*McMahon v. Fischer*,
446 F. App'x. 354 (2d Cir. 2011) ........................................................................................ 16

*McVeigh v. Bartlett*,
No. 94-23347, 1995 U.S. App. LEXIS 9509,
1995 WL 236687 (6th Cir. Apr. 21, 1995) ........................................................................... 28

*Meachum v. Fano*,
427 U.S. 215 (1976) ................................................................................................... 14, 22

*Mertik v. Blalock*,
983 F.2d 1353 (6th Cir. 1993) ............................................................................................ 20

*Michael v. Ghee*,
411 F.Supp.2d 813 (N.D. Ohio February 1, 2006) .............................................................. 21

*Midkiff v. Adams County Reg'l Water Dist.*,
409 F.3d 758 (6th Cir. 2005) ............................................................................................. 20

*Miles v. Bradshaw*,
Case No. 1:15CV1560, 2017 U.S. Dist. LEXIS 208630 (N.D. Ohio 2017) ........................... 20

*Moody v. Daggett*,
429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) ................................................ 18, 22, 24

*Mubashshir v. Moore*,
No. 3:10 CV 2501, 2011 U.S. Dist. LEXIS 6917 (N.D. Ohio Jan. 25, 2011) ...................... 5, 7

*Murphy v. Grenier*,
406 F. App'x. 972 (6th Cir. 2011) ...................................................................................... 11

*Murray v. Evert*,
84 Fed. App'x. 553 (6th Cir. 2003) .................................................................................... 14

*Murray v. Unknown Evert*,
84 F. App'x. 553 (6th Cir. 2003) ....................................................................................... 25

*Nelson v. Ohio Adult Parole Auth.*,
Case No. 1:14-cv-01530, 2016 U.S. Dist. LEXIS 48352 (N.D. Ohio 2016) .................... 19, 22

*Newell v. Brown*,
981 F.2d 880 (6th Cir.1992) ...................................................................................... 4, 20, 21

*Nwaebo v. Hawk-Sawyer*,
83 F. App'x. 85 (6th Cir. 2003) ......................................................................................... 11

*O'Quinn v. Brown*,
   No. 92-2183, 1993 WL 80292 (6th Cir. Mar. 22, 1993).......................................22

*Olim v. Wakinekona*,
   461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983)..............................14, 22

*Parratt v. Taylor*,
   451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)................................25

*Phillips v. Ballard*,
   No. 5:17-CV-301-REW,
   2019 U.S. Dist. LEXIS 93206 (E.D. Ky. June 4, 2019) .................................6, 7

*Pyles v. Raisor*,
   60 F.3d 1211 (6th Cir. 1995) .......................................................28

*Rauch v. Day & Night Mfg. Corp.*,
   576 F.2d 697 (6th Cir. 1978) .........................................................3

*Reeves v. Mohr*,
   No. 4:11-cv-2062, 2012 WL 275166 (N.D. Ohio Jan. 31, 2012) ........................23

*Reilly v. Vadlamudi*,
   No. 11-1251, 2012 U.S. App. LEXIS 10614 (6th Cir. 2012) ..........................11

*Reischauer v. Jones*,
   No. 2:06-CV-149, 2009 U.S. Dist. LEXIS 6358 (W.D. Mich. Jan. 29, 2009) ..........8

*Rhodes v. Chapman*,
   452 U.S. 337 (1981)................................................................16, 17

*Rimmer-Bey v. Brown*,
   62 F.3d 789 (6th Cir. 1995) .........................................................20

*Robinson v. Crutchfield*,
   No. 1:14-cv-115, 2014 U.S. Dist. LEXIS 30660 (S.D. Ohio Mar. 10, 2014)...........4, 5

*Shehee v. Latrell*,
   199 F.3d 295 (6th Cir. 1999) ........................................................11

*Smartt v. Clifton*,
   Case No. C-3-96-389, 1997 U.S. Dist. LEXIS 23774 (S.D. Ohio Feb. 7, 1997) ........4

*Smith v. Freland*,
   954 F.2d 343 (6th Cir. 1992) ........................................................28

*Strickler v. Waters*,
   989 F.2d 1375 (4th Cir. 1993) .......................................................17

*Sweeton v. Brown*,
    27 F.3d 1162 (6th Cir. 1994) ........................................................................28

*Thaddeus-X v. Blatter*,
    175 F.3d 378 (6th Cir. 1999) ..................................................................14, 15

*Thompson v. Oppy*, No. 1:15-CV-621,
    2017 WL 6154402 (S.D. Ohio Dec. 8, 2017) ..........................................24

*Wells v. Schofield*,
    No. 3:14-1913, 2015 U.S. Dist. LEXIS 117824 (M.D. Tenn. 2015).....................18

*Wilkinson v. Austin*,
    545 U.S. 209 (2005) .......................................................................................24

*Williams v. Lindamood*,
    526 F. App'x. 559 (6th Cir. 2013) ................................................................24

*Wilson v. Yaklich*,
    148 F.3d 596 (6th Cir.1998) ....................................................................18, 19

*Wolfel v. Timmerman-Cooper*,
    Case No. 2:07-cv-1079, 2008 U.S. Dist. LEXIS 100083 (S.D. Ohio 2008) ....................20, 21

**Statutes, Codes & Rules**

42 U.S.C. §1915(a)(3)...........................................................................................29

O.R.C. § 9.86 ...................................................................................................26, 27

O.R.C. § 2743.02(F) ........................................................................................26, 27

Fed. R. Civ. P. 12(b)(6)...................................................................................*passim*

Fed. R. Civ. P. 12(h)(3)...........................................................................................27

## STATEMENT OF THE ISSUES TO BE DECIDED

Twenty-three (23) state employees ("Named Defendants" on behalf of Interested Party the State of Ohio), none of whom have yet been properly served, have nonetheless been named as defendants in this putative class action initially filed by Lyle M. Heyward on behalf of himself and now dismissed thirteen other inmates ("Plaintiffs"). Plaintiffs' Complaint seeks to recover damages from the Named Defendants for a myriad of alleged infractions, including retaliation, falsification of official records, religious discrimination, denial of equal protection, the loss of cell seniority, and violations of both the Ohio Valentine Act and the Sherman Antitrust Act. Complaint, ECF No.1, at 1-2. None of Plaintiff's claims have merit. Interested Party State of Ohio asks that this case be dismissed in its entirety.

## SUMMARY OF ARGUMENT

The Complaint fails to state a claim for religious discrimination under the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, or RLUIPA. There is no constitutional right to congregational group prayer; Plaintiff's inadequate nutrition claim fails as a matter of law; Plaintiff fails to state a § 1983 claim against any Named Defendant; there is no constitutional right to an effective grievance system; the Complaint fails to state a retaliation claim; Plaintiff's punishment cell-related claim fails to state a claim; Plaintiff's Parole Board-related claim fails to state a claim; Plaintiff's classification-related claim fails to state a claim; Plaintiff's disciplinary-related claims fail to state a claim; Plaintiff's theft claim warrants no relief; Named Defendants are entitled to immunity from civil liability for state law damage claims; and finally, Named Defendants' alleged violations of state law fail to state a claim. For these reasons, Plaintiff's Complaint should be dismissed against the Named Defendants for failure to state a claim for relief. Fed. R. Civ. P. 12(b)(6).

1

<u>**MEMORANDUM**</u>

## I.   Introduction

Plaintiffs' Complaint, a putative class action initially filed by Lyle M. Heyward on behalf of himself as well as thirteen other inmates, seeks to recover damages from the Named Defendants for a myriad of alleged infractions, including retaliation, falsification of official records, religious discrimination, denial of equal protection, the loss of cell seniority, and violations of both the Ohio Valentine Act and the Sherman Antitrust Act.  ECF No.1, at 1-2.  However, for the following reason Plaintiff's Complaint should be dismissed against the Named Defendants for failure to state a claim for relief.

## II.  Law and Argument

### A.   Standard of Review: Fed. R. Civ. P. 12(b)(6).

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rules authorize dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Supreme Court of the United States has interpreted Rule 8(a) to mean that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, a plaintiff's obligation to provide the grounds for his claimed entitlement to relief requires more than labels and conclusions such that a formulaic recitation of the elements of a cause of action will not do.  *Id.*  Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," meaning it must nudge the claims "across the line from conceivable to plausible."  *Id.* at 570.

In expanding upon *Twombly*'s "facial plausibility" test, the Supreme Court has held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, while the pleading standard announced in *Twombly* does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Therefore, "[n]aked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Furthermore, although factual allegations are to be accepted as true, a court does not have to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. In the context of civil rights actions, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)). Therefore, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978). Since there is no law to support many of the claims Plaintiffs make, since the facts alleged are insufficient to state many of their claims, and since on the face of the Complaint there are insurmountable bars to relief, the putative class action Complaint should be dismissed in its entirety.

3

**B.  The Complaint Fails to State a Claim for Religious Discrimination under the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, or RLUIPA.**

To state an Equal Protection claim, "a plaintiff must allege and prove 'the existence of purposeful discrimination.'" *Smartt v. Clifton*, Case No. C-3-96-389, 1997 U.S. Dist. LEXIS 23774, at *67 (S.D. Ohio Feb. 7, 1997) (quoting *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987)). "A prisoner must show that he or she was treated differently than similarly situated prisoners and that there was no rational basis for the difference in treatment." *Ervin v. Davis*, No. 2:16-cv-186, 2017 U.S. Dist. LEXIS 91433, at *13 (S.D. Ohio June 14, 2017) (*citing Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)). It is, therefore, not enough for one to show that other prisoners were treated differently, "[h]e would have to show that he 'was victimized because of some suspect classification, which is an essential element of an Equal Protection claim.'" *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir.1992) (quoting *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir. 1988)).

But by contrast with this pleading requirement, the Complaint fails to set forth any facts whatsoever suggesting that Plaintiff Heyward was treated differently from any other similarly-situated prisoners, much less that he was intentionally discriminated against. (ECF No. 1, Complaint, pp. 4-7). And although Plaintiff Heyward alleges that the Named Defendants violated his constitutional rights by failing to provide him with a specific foods (dates) and by failing to have his food prepared and served only by Muslims (*Id.,* pp. 4-5), neither of these alleged failures implicate a constitutional right.

To the contrary, while a "Plaintiff may favor certain foods, their preferences as prisoners are limited." *See Robinson v. Crutchfield*, No. 1:14-cv-115, 2014 U.S. Dist. LEXIS 30660, at *8 (S.D. Ohio Mar. 10, 2014) (quoting *Sareini v. Burnett*, No. 08-13961-BC, 2011 U.S. Dist. LEXIS

34525, at *15 (E.D. Mich. Mar. 31, 2011)). For instance, in *Robinson,* plaintiff argued that the defendant's failure to provide him with Halal meals prevented him from freely practicing his religion and violated his constitutional rights, as Halal meals are "a fundamental tenet of his faith." The court disagreed. Dismissing plaintiff's claim, the court ruled that "[t]here is no constitutional right to meat . . . Plaintiff has no right to choose the items on his menu, including meat that is slaughtered in accordance with Islamic law." *Id.* at *7-8.

Like the plaintiff in *Robinson,* Plaintiff Heyward has no constitutional right to require certain foods on his menu (such as dates), nor does he have a constitutional right to have food served and/or prepared only by Muslims. Certainly, while inmates have a "First Amendment right to exercise their religion, it is subject to reasonable restrictions and limitations." *Mubashshir v. Moore*, No. 3:10 CV 2501, 2011 U.S. Dist. LEXIS 6917, at *4 (N.D. Ohio Jan. 25, 2011). "Prison administrators are given 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Lister v. Coleman,* No. 3:11 CV 2736, 2012 U.S. Dist. LEXIS 15016, at *4 (N.D. Ohio Feb. 6, 2012). For this reason, in order to be safeguarded under the Constitution, "the particular religious ritual must be central or indispensable to the inmate's religious observances and must be a conviction shared by an organized group as opposed to a personal preference." *Mubashshir, supra* at *5 (citing *Sequoyah v. Tennessee Valley Auth.*, 620 F.2d 1159, 1164 (6th Cir. 1980)).

Furthermore, even if a prisoner can meet the burden of establishing an underlying constitutional right, the prisoner must also demonstrate that the defendant's action "substantially burdens his sincerely held religious beliefs." *Christian Separatist Church Soc. of Ohio v. Mohr*, No. 2:15-cv-2757, 2017 U.S. Dist. LEXIS 38901, at *7 (S.D. Ohio Jan. 30, 2017). Accordingly,

5

in order for an action to be considered a substantial burden on one's religious beliefs, it "must be more than an incidental effect on one's religious exercise." *Lister v. Coleman, supra* at *4-5.

By contrast, Plaintiff Heyward cannot demonstrate that the alleged failure to provide him with dates or to have his food prepared and served only by Muslims substantially burdens his practice of religion.  Certainly, Plaintiff Heyward is free to practice his religion as he sees fit, but only within the confines of the prison rules. As such, Plaintiff Heyward's Equal Protection, First and Fourteenth Amendment claims for the alleged failure to provide him with certain foods prepared and served only by Muslims during Ramadan must be dismissed. (ECF No. 1, Complaint, pp. 4-7, 18-19).

Though not specifically pled as a violation of Plaintiffs' rights, the story would be no different when it comes to the Religious Land Use and Institutionalized Persons Act (RLUIPA). Under RLUIPA, "[n]o government shall impose a *substantial burden* on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest, and (2) is the least restrictive means of furthering that compelling governmental interest.'" *Long v. Sloan*, No. 1:18CV1364, 2019 U.S. Dist. LEXIS 119854, at *14 (N.D. Ohio May 23, 2019) (quoting 42 USCS § 2000cc-1) (emphasis added).

As a threshold matter, "every circuit that has addressed whether 'RLUIPA allows individual-capacity suits against state officials . . . has held that it does not.'" *Phillips v. Ballard*, No. 5:17-CV-301-REW, 2019 U.S. Dist. LEXIS 93206, at *23-24 (E.D. Ky. June 4, 2019) (*quoting Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013)). Furthermore, even if Plaintiff Heyward's RLUIPA claim against the Named Defendants is construed to have been filed in their

6

official capacities, the Complaint fails to demonstrate that they, themselves, acted in any way to substantially burden his religious practice.

Not surprisingly, like the First Amendment, "'[t]o establish a cognizable claim under RLUIPA, the inmate must first demonstrate that a prison policy *substantially burdens* a religious practice.'" *Id.* at \*14 (quoting *Haight v. Thompson,* 763 F.3d 554, 559-560 (6th Cir. 2014)) (emphasis added.).  In a similar case, *Mubashshir v. Moore*, No. 3:10 CV 2501, 2011 U.S. Dist. LEXIS 6917, at \*4 (N.D. Ohio Jan. 25, 2011), a plaintiff-inmate alleged that the defendant-prison officials violated his constitutional rights by failing to provide him with specific food in accordance with his Muslim faith. *Id.* at \*2. Moreover, like Plaintiff Heyward here, the *Mubashshir* plaintiff also claimed that "his meals must be prepared only by Muslims who have achieved a state of ritual purity." *Id.* at \*2.

It is therefore instructive that the *Mubashshir* court dismissed similar RLUIPA claims holding that the allegations, even if true, did not amount to a violation of the inmate plaintiff's religion. Here, Plaintiff Heyward simply alleges that the Named Defendants "while allowing Prisoners of other faith groups to adhere to the mandatory tenets of their faith, as described above, knowingly and systematically allowed non-Muslims to prepare and serve food during Ramadan . . ." (ECF No. 1, Complaint, pp. 5-6). However, like in *Mubashshir,* Plaintiff Heyward's allegations do not amount to a substantial burden or violation of his religious practices and fail as a matter of law.  *Id.*  Therefore, to the extent Plaintiff Heyward may have asserted a RLUIPA claim for the alleged failure to provide certain foods prepared and served only by Muslims during Ramadan, (ECF No. 1, Complaint, pp. 4-7, 18-19), this claim, too, must be dismissed.

### C.     There Is No Constitutional Right to Congregational Group Prayer.

Furthermore, there is no constitutional right to congregational group prayer. *Lakhani v. Seneca County Sheriff's Office*, 2011 U.S. Dist. LEXIS 78424, *19-20 (N.D. Ohio June 30, 2011). For instance, in *Lakhani,* the plaintiff-inmate filed a complaint under § 1983, alleging he was denied his First Amendment right to freely exercise his religion because he was denied the right to have a congregational prayer with other Muslim inmates every Friday.

The court dismissed plaintiff's claims and explained that "[e]ven if he was not permitted to congregate every Friday, plaintiff retained the right to pray and practice his religion without other congregants. The determination that plaintiff could not congregate every Friday only limited but did no[t] eliminate his rights under the First Amendment." *Id.* at *21. *See also, Damron v. Jackson*, No. 2:09-cv-050, 2012 U.S. Dist. LEXIS 13359, at *7 (S.D. Ohio Feb. 3, 2012), (summary judgment proper as the denial of separate congregational worships and prayers did not violate RLUIPA).

Other courts, too, have held that "a prisoner does not have a constitutional right to religious group services, such as opening and closing congregational prayers." *Reischauer v. Jones,* No. 2:06-CV-149, 2009 U.S. Dist. LEXIS 6358, at *24-26 (W.D. Mich. Jan. 29, 2009) (failure to offer religious group services does not "prevent [a] plaintiff from worshiping on his own, from worshiping with a small group of other prisoners, or from worshiping with a Muslim cleric or religious volunteer."). Therefore, Plaintiff's congregational group prayer claim, (ECF No. 1, Complaint, pp. 5-6), too, must be dismissed.

### D.     Plaintiff's Inadequate Nutrition Claim Likewise Fails as a Matter of Law.

The Eighth Amendment "prohibits the infliction 'of cruel and unusual punishments' on those convicted of crimes." *Devore v. Mohr*, No. 2:18-cv-559, 2019 U.S. Dist. LEXIS 125839, at *13

(S.D. Ohio July 29, 2019) (quoting USCS Const. Amend. 8). This encompasses both an objective and subjective component. *Id.* at \*14. As to the objective component, it "is satisfied by showing the risk the prisoner faces 'to be so grave that it violates contemporary standards of decency to expose anyone unwillingly' to it." *Id.* at \*14 (*quoting Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). On the other hand, "[t]he subjective inquiry requires a prisoner asserting that the conditions of confinement are cruel and unusual to show that prison officials acted with deliberate indifference." *Id.* at \*14 (*citing Wilson v. Seiter*, 501 U.S. 294, 302, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). More precisely, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety [.]" *Id.* at \*14 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

In *Devore, supra* at \*5, the plaintiff claimed he was forced to decide between adequate nutrition and following his religious beliefs. Due to the lack of nutrition and living off of "chips, ramen soups, [and] cookies . . .," the plaintiff alleged to have feelings of weakness and anxiety. *Id.* The court construed his claims as "assert[ing] a deliberate indifference to the conditions of his confinement claim" under the Eighth Amendment. *Id.* at \*13-14. Nevertheless, the court determined that no Eighth Amendment violation took place, explaining that "while deprivations of food can constitute the 'serious harm' required in the objective prong, plaintiff failes [*sic*] to prove that he suffered more than a *de minimis* injury." *Id.* at \*15. "At worst, plaintiff alleges that though he 'did have food,' he was not provided a 'proper meal,' which left him 'tired and weak.'" *Id.* at \*15. *See also, Lee v. Pauldine*, No. 1:12-cv-077, 2013 U.S. Dist. LEXIS 1497, at \*14-15 (S.D. Ohio Jan. 4, 2013), (no constitutional rights violation where plaintiff failed to show that his health was negatively impacted due to the inadequate food provided to him).

9

Here, Plaintiff Heyward generally alleges that the Named Defendants "knowingly and systematically denied Plaintiff's [*sic*] proper nutrition by only allowing Plaintiff's [*sic*] to receive between 750 – 1000 calories in total for each day, which included the *"Sahur"* Bags (Bagged Breakfast), during the month of Ramadan." (ECF No. 1, Complaint, p. 6). However, Plaintiff Heyward does not allege any facts whatsoever to show that he was actually denied proper nutrition.

Furthermore, Plaintiff Heyward does not allege that he faced any serious health risks, much less that the Named Defendants acted with "deliberate indifference."  Indeed, as the court in *Jones v. Finco*, No. 17-1902, 2018 U.S. App. LEXIS 3157, at *2 (6th Cir. Feb. 8, 2018) explained, pursuant to "the First and Eighth Amendments, prison officials must provide inmates with enough food to maintain normal health." And while this holds true, "[t]he Constitution mandates a diet adequate to prevent malnourishment, not one that provides a specific amount of calories." *Id.* at *2. There is no constitutional right to be provided either a certain food or a specific amount of calories, nor is there any evidence that the meals provided to Plaintiff Heyward constituted improper nutrition. Therefore, Plaintiff Heyward's nutrition claims (ECF No. 1, Complaint, pp. 6-7, 13-14), must likewise be dismissed.

### E.    Plaintiff Heyward Fails to State a § 1983 Claim Against Any Named Defendant.

To state a § 1983 claim, Plaintiff Heyward must allege that a person acting under color of state law deprived him of a right secured by the Constitution or federal law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978).  In other words, to establish liability under § 1983 Plaintiff Heyward must plead that each Named Defendant was personally responsible for the unconstitutional actions which allegedly injured him.  *Balderson v. Mohr*, No. 2:12-CV-235, 2012 U.S. Dist. LEXIS 60567, at *2 (S.D. Ohio May 1, 2012); *Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their

10

own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x. 972 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability").

Accordingly, the collective acts of multiple defendants, much less unidentified John and/or Jane Does, cannot be ascribed to an individual Named Defendant; instead, Plaintiff Heyward must state a plausible constitutional violation against each and every Named Defendant he is attempting to sue. *Reilly v. Vadlamudi*, No. 11-1251, 2012 U.S. App. LEXIS 10614, at *10 (6th Cir. 2012) (*citing Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011)); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x. 85, 86 (6th Cir. 2003) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights") (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Thus, "*respondeat superior*" or supervisory liability is not cognizable under § 1983. "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee v. Latrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor will simple awareness or the failure to act impose liability. Instead, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Id.* (*quoting Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998).

By contrast with these pleading requirements, the Complaint does no more than use catch phrases, generally alleging without any factual support things such as: Defendants Cooper- Smith,

11

Engles, Al-Hagg, Marburger, Damschroder, Davis and Factor "collectively conspired and individually endeavored to deny the Plaintiffs the equal opportunity to practice their religion." ECF No. 1, Complaint, at 4. In so doing the Complaint remains non-compliant with the pleading requirements of § 1983 since to state a claim Plaintiff Heyward must plead that each government-official defendant, through the official's own individual actions, violated the Constitution. This Plaintiff Heyward has not done. Instead, and despite its length, the Complaint fails to set forth facts alleging any specific constitutional violation against any Named Defendant, making it impossible for the Court to infer the requisite personal involvement demanded of every § 1983 action. Attempting to ascribe the collective acts of multiple defendants to individual defendants without demonstrating any personal involvement (ECF No. 1, Complaint, pp. 6, 9, 11, 18-19), the Complaint fails to state a plausible constitutional violation against anyone and, therefore, must be dismissed.

### F.      There is No Constitutional Right to An Effective Grievance System.

To the extent Plaintiff Heyward's Complaint is predicated on the proposition that the inmate grievance system somehow violates the Eight and/or Fourteenth Amendment, (ECF No. 1, Complaint, pp. 6-8, 10-11, 12-14, 18-19), it fails to state a claim. This is because there is simply no constitutional liability for failure to provide an effective prison grievance system. *Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001) (the wrongful denial of a prison grievance does not violate any federal right, as there is no inherent constitutional right to an effective grievance procedure). Indeed, even the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Bittner v. Wilkinson,* 19 F. App'x. 310, 313 (6th Cir. 2001)

(state inmate did not plead a viable § 1983 claim when he alleged prison officials denied or disregarded his grievances over incidents in which inmate was purportedly subjected to retaliation by prison officials).

Nor does an inmate have a constitutional or statutorily protected right to a grievance response. *Green v. Tudor,* 685 F. Supp.2d 678 (W.D. Mich. 2010) (the law is clear that the allegations that an official ignored a prisoner's letters are insufficient to establish liability).

Likewise, the failure of prison officials to follow internal regulations and/or policies regarding grievances does not constitute a constitutional violation. *See Davis v. Berghuis,* No. l:12–CV–258, 2012 WL 3116360, at *10 (W.D. Mich. July 31, 2012) ("Indeed, Plaintiff's claim of "misconduct" appears to rest on the fact that Defendants did not comply with prison regulations, but that fact is not sufficient to state a claim on its own."); *Haight v. Thompson,* No. 5:11CV–P118–R, 2011 WL 4473143, at *3 (W.D. Ky. September 26, 2011) ("A prison official's failure to follow internal rules and regulations does not alone state a constitutional violation..."). To the contrary, the mere violation of state prison policies and procedures does not violate the federal constitution. *Levin v. Childers,* 101 F.3d 44, 46 (6th Cir.1996); *Harrill v. Blount County, TN.,* 55 F.3d 1123, 1125 (6th Cir.1995) (state law cannot create a federal constitutional right).

Therefore, regardless whether Plaintiff Heyward's ability to access the grievance system was marginally affected by some unidentified person(s), because there is no constitutional right to an effective grievance system, *Keenan v. Marker,* 23 F. App'x. at 407, all of Plaintiff Heyward's grievance-related allegations (ECF No. 1, Complaint, pp. 6-8, 10-11, 12-14, 18-19) should be summarily dismissed.

### G.    The Complaint Fails to State a Retaliation Claim.

To state a retaliation claim, Plaintiff Heyward must allege three elements: 1) that he was engaged in protected conduct; 2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that the adverse action was motivated at least in part by Plaintiff Heyward's protected conduct.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 390 (6th Cir. 1999).  Moreover, Plaintiff Heyward has the burden of proof regarding each of these elements.  *Murray v. Evert,* 84 Fed. App'x. 553, 536 (6th Cir. 2003).

But despite the retaliation claim Plaintiff Heyward asserts, there is no constitutional right to an effective grievance system, *id.,* no constitutional right to be free from harassment or neglect, *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987); *Knecht v. Collins*, 903 F. Supp. 1193, 1203 (S.D. Ohio 1995); *Lakhani v. Seneca Cty. Sheriff's Office,* Case No. 3:10 CV 00011, 2011 U.S. Dist. LEXIS 78424 (N.D. Ohio 2011); no constitutional right to be single-celled, *Enyart v. Ohio, Department of Rehabilitation and Corr.,* Case No. 2:16-cv-161, 2017 U.S. Dist. LEXIS 17350 (S.D. Ohio 2017); no constitutional right to a particular security classification, *Hall v. Thompson*, Civil Action No. 3:16-cv-P476-DJH, 2016 U.S. Dist. LEXIS 163535 (W.D. Ky. 2016); and no constitutional right to be transferred to a different prison. *Martin v. Mohr,* Case No. 3:16-cv-2807, 2018 U.S. Dist. LEXIS 108329 (N.D. Ohio 2018); *Meachum v. Fano*, 427 U.S. at 223-29;  *Olim v. Wakinekona,* 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983) (no right under federal law allowing a prisoner to prevent a transfer to another facility or giving him any choice concerning the facility where he will be incarcerated).

Nor do any of these things subject a prisoner to atypical and significant hardship in relation to the ordinary incidents of prison life. *Id. (*citing *McMahon v. Fischer*, 446 F. App'x. 354, 356-57 (2d Cir. 2011) (finding that double bunking did not subject "the prisoner to atypical and significant

14

hardship . . . in relation to the ordinary incidents of prison life"); *Bullock v. McGinnis*, 5 F. App'x. 340, 341-42 (6th Cir. 2001) ("a prisoner has no inherent constitutional right to be confined in a particular prison or to be held in a specific security classification"); *Hodges v. Wilson*, No. 07-249, 2008 U.S. Dist. LEXIS 125609, 2008 WL 5049742, at *2 (W.D. Pa. Nov. 25, 2008) ("[L]iving in a double-cell is an expected ordinary incident of prison life, [and] retaining single-cell status is not a protected liberty interest.") (*citing Austin v. Chesney*, No. 93-4010, 1995 U.S. Dist. LEXIS 12090, 1995 WL 498720, at *3 (E.D. Pa. Aug. 22, 1995)).

Since Plaintiff Heyward was not asserting a constitutionally protected right when he grieved any of the above (ECF No. 1, Complaint, pp. 7-18), he has failed to satisfy prong one under *Thaddeus-X*.  See *Thaddeus-X v. Blatter*, 175 F.3d at 390.  Furthermore, even taking the allegations contained in the Complaint as true, Plaintiff Heyward has failed to allege any personal involvement by any Named Defendant that would establish his or her deliberate indifference. *See Enyart v. Ohio, Department of Rehabilitation and Corr.,* Case No. 2:16-cv-161, 2017 U.S. Dist. LEXIS 17350, at * 7-8 (S.D. Ohio 2017).

Likewise, since none of the deprivations of which Plaintiff Heyward complains (ECF No. 1, Complaint, pp. 7-18),  would subject a prisoner to atypical and significant hardship in relation to the ordinary incidents of prison life,  *Bullock v. McGinnis*, 5 F. App'x 340, 341-42 (6th Cir. 2001), he also fails prong two of the *Thaddeus-X* test.  Without the protected conduct and adverse action required under *Thaddeus-X,* and having failed to show the personal involvement of any Named Defendant, Plaintiff Heyward's retaliation claims (ECF No. 1, Complaint, pp. 7-18), should be dismissed.

15

**H.     Plaintiff's Punishment Cell-Related Claim Similarly Fails to State a Claim for Relief.**

Despite Plaintiff Heyward's claims otherwise, an inmate has no constitutional right to be housed in a single-occupancy cell or to be incarcerated in a particular prison. *McMahon v. Fischer*, 446 F. App'x. 354, 356-57 (2nd Cir. 2011) (finding that double bunking did not subject "the prisoner to atypical and significant hardship . . . in relation to the ordinary incidents of prison life"); *Bullock v. McGinnis*, 5 F. App'x 340, 341-42 (6th Cir. 2001) ("a prisoner has no inherent constitutional right to be confined in a particular prison or to be held in a specific security classification"); *Hodges v. Wilson*, No. 07-249, 2008 U.S. Dist. LEXIS 125609, 2008 WL 5049742, at *2 (W.D. Pa. Nov. 25, 2008) ("[L]iving in a double-cell is an expected ordinary incident of prison life, [and] retaining single-cell status is not a protected liberty interest." (*citing Austin v. Chesney*, No. 93-4010, 1995 U.S. Dist. LEXIS 12090, 1995 WL 498720, at *3 (E.D. Pa. Aug. 22, 1995)).

Furthermore, to establish liability under the Eighth Amendment, Plaintiff must show that a Named Defendant was aware of and deliberately indifferent "to a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. at 828.  To do so, Plaintiff Heyward must make both an objective showing that he is incarcerated under conditions that pose a substantial risk of serious harm as well as a subjective showing that a Named Defendant(s) knew of and disregarded an excessive risk to his  safety. *Id.* at 837.

Equally important here, the Supreme Court has previously held that **prison** overcrowding, by itself, does not constitute a constitutional violation, nor does the Constitution mandate prisons in which inmates are totally free of discomfort.  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  For instance, in *Rhodes* the Supreme Court addressed an allegation of overcrowding based on the double celling of inmates within a 63 square foot cell. *Rhodes v. Chapman*, 452 U.S. at 339-41.

The district court found such conditions unconstitutional citing the inmates long terms of imprisonment; the fact the prison housed more inmates than its design capacity; studies that suggested that inmates be given greater living space; the fact that the inmates spent most of their time in their cells; and the fact that the condition was not temporary. *Id.* at 348.

Nonetheless, the Supreme Court found that the conditions in question were not enough to constitute cruel and unusual punishment. *Id.* at 347. To the contrary, the Court emphasized, the overcrowding did not lead to a deprivation of other basic needs; did not increase violence among inmates; and did not "inflict[] unnecessary or wanton pain [and were not] grossly disproportionate to the severity of crimes warranting imprisonment." *Id.* at 348-49.

Since *Rhodes*, numerous courts, including both the Sixth Circuit and district courts sitting therein, have emphasized that double or triple celling inmates, without more, is insufficient to state a constitutional claim. *Halliburton v. Sunquist,* 59 F. App'x. 781, 782 (6th Cir. 2003) ("[D]ouble-celling, by itself, does not violate the Eighth Amendment. . . . Nor did [the plaintiff] allege that he was denied basic human needs such as food, warmth, or sanitation by virtue of the allegedly overcrowded conditions."); *Davis v. Strickland*, No. 2:09-CV-015, 2009 WL 2998980, at *3 (S.D. Ohio Sept. 15, 2009) (following *Rhodes* in holding that double-celling, standing alone, was not a violation of the Eighth Amendment); *Strickler v. Waters,* 989 F.2d 1375, 1382 (4th Cir. 1993) ("Finally, it is well established that 'double or triple celling of inmates is not per se unconstitutional.'") (*quoting Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)); *McCree v. Sherrod*, No. 09-cv-601, 2010 WL 850117, at *2 (S.D. Ill. Mar. 5, 2010) ("Although the Supreme Court has not yet spoken on the issue of triple-celling, at least two Courts of Appeal have done so, concluding that triple-celling is not per se unconstitutional."); *see also Krause v. Leonard,* 352 F. App'x. 933, 936 n.10 (5th Cir. 2009) ("[The inmate] has not presented any evidence that putting

three men in a two-person cell inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment.").

Nor has the Supreme Court established any particular percentage of overpopulation as a permissible limit under the Eighth Amendment. *Wells v. Schofield*, No. 3:14-1913, 2015 U.S. Dist. LEXIS 117824, at *6 (M.D. Tenn. 2015).  This is not surprising since Plaintiff Heyward has no liberty interest in prison vocational, rehabilitation, employment, or educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x. 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs).

Certainly, "[t]he Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010).  However, Plaintiff Heyward's allegations do not implicate a fundamental right, *id*., and prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998).  And "[u]nder rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (*quoting Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)).

Simply stated, Plaintiff Heyward's generalized allegations regarding the poor housing conditions he has experienced while incarcerated not only fail to allege any constitutional violation

18

(Complaint, pp. 10, 12-13, 18), but they also fail to identify any Named Defendant allegedly personally involved therefor. For all of these reasons, Plaintiff Heyward cannot establish a deliberate indifference claim regarding his incarceration in a four-man cell. *Id.* Accordingly, Plaintiff' Heyward's "punishment cell" claim should be dismissed. *Id.*

I.    **Plaintiff Heyward's Parole Board-Related Claim Fails to State a Claim.**

The U.S. Supreme Court has held there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 6 (1979); *Jackson v. Jamrog*, 411 F.3d at 618-19. To the contrary, it is well settled that the Ohio parole statutes do not create a protected liberty interest for due process purposes. Therefore, the decision to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority. *Nelson v. Ohio Adult Parole Auth.*, Case No. 1:14-cv-01530, 2016 U.S. Dist. LEXIS 48352, at *8 (N.D. Ohio 2016) (citing *Jago v. Van Curen*, 454 U.S. 14, 20 (1981)). Accordingly, until his maximum sentence expires, Plaintiff Heyward has no liberty or property interest in being granted parole such that denying him early release infringes a fundamental right. *Id.*

Furthermore, although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, Plaintiff Heyward does not present any such allegations here. *Mayrides v. Chaudhry*, 43 Fed. App'x. 743, 2002 WL 1359366, at *2 (6th Cir. 2002); *Block v. Potter*, 631 F.2d 233, 236 n. 2 (3d Cir. 1980). To the contrary, such things as criminal history, the seriousness of the offenses of conviction, and institutional conduct are all rationally related to the legitimate government interest in protecting

19

the public. *See Mayrides v. Chaudhry*, 43 Fed. App'x. 743, 2002 WL 1359366, at *2 (6th Cir. 2002).

In cases where state action does not affect a suspect class or implicate a fundamental right,[2] rational basis review applies. *Wolfel v. Timmerman-Cooper*, Case No. 2:07-cv-1079, 2008 U.S. Dist. LEXIS 100083, at * 36 (S.D. Ohio 2008).   Because Plaintiff Heyward is not a member of a suspect class and parole does not implicate a fundamental right, *a fortiori* the rational basis standard applies to Plaintiff Heyward's Complaint. *Id.*

Although the Complaint infers that old law inmates are being treated differently from those who were sentenced after the passage of Senate Bill 2, (Complaint, pp. 6, 8, 13-18), under rational basis review courts will uphold a governmental policy if there is a rational relationship between the state action and some legitimate government purpose. *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir. 2005).  Rational basis review is deferential: "the governmental policy at issue will be afforded a strong presumption of validity […]." *Id.* "[U]nder rational basis review, a purported rational basis may be based on rational speculation unsupported by evidence or empirical data and need not have a foundation in the record." *Id.* Thus, the standard places a "severe burden" on plaintiffs such that they "must negate all possible rational justifications" of the state action. *Id.* (quotations and citations omitted).

It is therefore not surprising that the  Sixth Circuit has held that a prisoner cannot support a violation of his equal protection rights simply by showing that other inmates were treated differently. *Newell v. Brown,* 981 F.2d 880, 887 (6th Cir.1992). Rather, he must show that he was

---

[2]Nor would denying Plaintiff Heyward parole due to his prior criminal history, the serious nature of his offenses, and/or his institutional conduct shock the conscience.  *Miles v. Bradshaw*, Case No. 1:15CV1560, 2017 U.S. Dist. LEXIS 208630 (N.D. Ohio 2017)).  For this reason, a person attempting to assert a substantive due process claim on this basis "faces a virtually insurmountable uphill struggle." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n. 4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952)); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997).

victimized because of some suspect classification. *Id.*; see also *Lovely v. Hughes*, No. 96-5536, 1997 WL 112386, at * 1 (6th Cir. Mar. 12, 1997) (affirming district court's dismissal of § 1983 claim alleging that denial of plaintiff's parole violated Fourteenth Amendment right of equal protection because similarly-situated prisoners were granted parole).

But Plaintiff Heyward cannot do so here. This is because inmates are not a suspect class for Equal Protection Clause purposes. *Michael v. Ghee,* 411 F.Supp.2d 813, 818 (N.D. Ohio February 1, 2006) (*citing Jackson v. Jamrog*, 411 F.3d at 618-19. For instance, in *Linger v. Akram,* 23 Fed. App'x. 248, 251 (6th Cir. 2001)*,* the Sixth Circuit affirmed the district court's denial of a plaintiff's equal protection claim based on the Parole Board's refusal to grant him parole after passage of Ohio's Senate Bill 2, stating:

> [N]o equal protection infraction arose from the petitioner's allegedly "unequal" imprisonment sentence, when compared to the more lenient penalties sustained by individuals sentenced under the July 1, 1996 statute, because the new law's non-retroactivity to persons sentenced prior to July 1, 1996 was rationally related to a legitimate state interest, namely "judicial economy" (citing, inter alia, *City of Cleburne, Texas v. Cleburne Living Center, Inc*., 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985))[.]

Certainly, there are several rational reasons that would motivate Ohio's legislature to require old law inmates to continue to serve their indeterminate sentences subject to Parole Board determinations. Among these are a desire to: 1) avoid passing retroactive legislation and altering the sentences of inmates already incarcerated; 2) give Ohio's old law inmates the incentive to obey prison regulations by keeping the parole system in place, which rewarded them for good behavior; and 3) acknowledge the seriousness of the convicted offenses. *Michael v. Ghee,* 411 F.Supp.2d 813, 818 (N.D. Ohio 2006); *Wolfel v. Timmerman-Cooper*, Case No. 2:07-cv-1079, 2008 U.S. Dist. LEXIS 100083, at * 38 (S.D. Ohio 2008).

Plaintiff Heyward has no due process rights to any Parole Board decision. *Nelson v. Ohio Adult Parole Auth.*, Case No. 1:14-cv-01530, 2016 U.S. Dist. LEXIS 48352, at *8 (N.D. Ohio 2016). Nor does the Complaint make any effort whatsoever to negate all possible rational justifications for the legislative decision to treat old law inmates differently from those sentenced after the passage of Senate Bill 2. Moreover, since the Complaint fails to identify any Named Defendant personally involved in causing Plaintiff Heyward to be incarcerated beyond the life sentence to which the court previously imposed him upon his conviction, his parole board allegations (ECF No. 1, Complaint, pp. 6, 8, 11, 13-18), should be dismissed.

### J.    Plaintiff's Classification-Related Claim Fails to State a Claim for Relief.

The Supreme Court repeatedly has held that a prisoner has no constitutional right to be held in a specific security classification. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).  The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g., Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement).  Because Plaintiff Heyward does not have a constitutional right to a particular security level or classification, nor does he specify any Named Defendant personally involved in the alleged wrongdoing, he fails

22

to state a due-process claim regarding classification. (Complaint, pp. 6, 10, 13, 18). Thus, Plaintiff Heyward's classification-related claims should be dismissed.

### K. Plaintiff's Disciplinary-Related Claims Fail to State a Claim for Relief.

To the extent Plaintiff Heyward intends to advance a claim against any Named Defendant for hearing a conduct report, "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x. 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 U.S. App. LEXIS 32665, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused."); *Lee v. Pauldine*, No. 1:12-cv-077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights'") (*quoting Spencer v. Wilson*, No. 6:11-00128-KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012)), adopted, 2013 U.S. Dist. LEXIS 23978 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

Nor does a prisoner have a constitutional right to correct a conduct report, even if it contains factual errors. *Goudlock v. Blankenship*, No. 1:13-CV-1215, 2015 WL 5730219, at *6 (N.D. Ohio Sept. 28, 2015) (a prisoner has no clearly established constitutional right to a "correct" conduct report or to a certain kind of testimony at a disciplinary hearing) (collecting cases); *Reeves v. Mohr*,

No. 4:11CV2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (same).  Thus, the Complaint

fails to plausibly allege a due process claim regarding the reading of Plaintiff Heyward's conduct

report.  (ECF No. 1, Complaint, pp. 11, 14-18).  More specifically, Plaintiff Heyward 's allegations

are insufficient to implicate federal due process concerns because he has not alleged that any

disciplinary action amounted to a deprivation of a constitutionally protected interest,[3] much less

that any Named Defendant was individually involved in the alleged wrongdoing.

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations

of life, liberty, or property; and those who seek to invoke its procedural protection must establish

that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  "An inmate

establishes a liberty interest when a change in conditions of confinement 'imposes atypical and

significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v.

Lindamood*, 526 F. App'x. 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484

(1995)). "[A]n increase in security classification . . . does not constitute an 'atypical and significant'

hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional

right to remain incarcerated in a particular prison or to be held in a specific security

classification." *Harbin—Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005); see also *Moody v.

Daggett*, 429 U.S. 78, 88 n. 9 (1976) (change in "prisoner classification" does not implicate a due

process right); *Harris v. Truesdell*, 79 F. App'x. 756, 759 (6th Cir. 2003) (holding that neither

"punishment of more than 60 days of punitive segregation" nor a change in security

classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v.*

---

[3] While transfer to a supermax facility triggers due process considerations, those considerations do not apply here because Ohio's only supermax facility is the Ohio State Penitentiary. See  *Thompson v. Oppy*, No. 1:15-CV-621, 2017 WL 6154402, at *1-2 (S.D. Ohio Dec. 8, 2017)  (prisoner transferred from Toledo Correctional Institution to Southern Ohio Correctional Facility fails to state a § 1983 claim upon which relief may be granted with respect to his claim that his security classification was increased without due process).

*Tucker*, 69 F. App'x. 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause).

Moreover, Plaintiff Heyward's disciplinary claim must be dismissed since a successful ruling would necessarily imply the invalidity of his disciplinary conviction and the punishment imposed. See *Murray v. Unknown Evert*, 84 F. App'x. 553, 555 (6th Cir. 2003) (plaintiff's claim that a finding of guilt is false is not cognizable under § 1983 because, if established, it would necessarily imply the invalidity of his disciplinary conviction; plaintiff must show his misconduct conviction has been invalidated in order to state a cognizable § 1983 claim) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

Plaintiff Heyward has not and cannot allege that the challenged disciplinary proceedings resulted in the lengthening of his life sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. For this reason, too, Plaintiff Heyward's disciplinary-related claims (ECF No. 1, Complaint, pp. 11, 14-18) should be dismissed.

**L. Plaintiff's Theft Claim Warrants No Relief.**

Plaintiff Heyward claims that prison officials have unlawfully taken and/or destroyed his property. However, Plaintiff Heyward's claim are barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537.

This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff Heyward's claims are premised upon allegedly unauthorized acts of prion officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). Failing to demonstrate the inadequacy of state post-deprivation remedies, Plaintiff's theft-related claim (ECF No. 1, Complaint, pp. 7-9, 18) should be dismissed.

**M.      Ohio Revised Code § 9.86 Immunity for State Law Claims.**

Named Defendants, employees of the Ohio Department of Rehabilitation and Correction, are also entitled to immunity from civil liability for state law damage claims pursuant to Ohio Revised Code § 9.86, which provides in pertinent part,

> [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Therefore, if Plaintiff Heyward wishes to avail himself of the exception to immunity under § 9.86 for actions that are outside the scope of Named Defendants' employment or that were malicious, in bad faith, wanton, or reckless, he must first seek determination as to the employee's immunity from the Ohio Court of Claims *before* commencing an action for damages in another court. R.C. § 2743.02(F) (such an action "shall *first* be filed against the state in the Court of Claims that has exclusive, original jurisdiction to determine, *initially*, whether the [ ] employee is entitled

26

to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action") (emphasis added).

However, because the Ohio Court of Claims has made no such immunity determination, nor has it been asked to do so, this Court lacks subject-matter jurisdiction over Plaintiff Heyward's state law damage claims. Indeed, the Sixth Circuit has squarely held that the failure to obtain an immunity determination under R.C. § 2743.02(F) prior to commencing suit against an Ohio state employee in federal court requires dismissal of the federal action for lack of subject-matter jurisdiction. *McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012) (quoting *Haynes v. Marshall*, 887 F.2d 700 (6th Cir. 1989)).  This is because when a court lacks subject-matter jurisdiction, it has no power to stay those claims or do anything other than immediately dismiss them.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  For this reason, all of Plaintiff Heyward's state law claims (ECF No. 1, Complaint, pp. 13-14) against the Named Defendants should be dismissed. *Id.*

**N.     Defendants' Alleged Violations of State Law Fail to State a Claim.**

To the extent Plaintiff Heyward's allegations against the Named Defendants are grounded on guidelines set forth in the Ohio Revised Code, the Ohio Administrative Code, and/or ODRC policies, they likewise fail to state a claim for relief. First and foremost, "In determining whether statutes may create a private cause of action for enforcement, the Ohio Supreme Court has held that a 'statutory policy' may not be implemented by the Ohio courts in a private civil action absent a clear implication that such a remedy was intended by the Ohio Legislature." *Ayers v. City of Cleveland*, 2017-Ohio-8571, ¶ 30 (quoting *Fawcett v. G. C. Murphy & Co.*, 46 Ohio St.2d 245,

249, 348 N.E.2d 144 (1976)). By contrast, here there is no clear indication that a remedy for an alleged violation of § 1983 was intended by the Ohio Legislature.

It is therefore not surprising that § 1983, itself, does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Thus, not only does an alleged violation of a state statute fail to state a § 1983 claim, *id.,* but also a defendant's alleged failure to comply with an administrative rule or a prison policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 U.S. App. LEXIS 9509, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (§ 1983 is addressed to remedying violations of federal law, not state law). *See also Desai v. Geico Cas. Co*., Case No. 1:19 CV 2327, 2020 U.S. Dist. LEXIS, at * 17 (N.D. Ohio 2020) (*quoting Michigan Corr. Org. v. Michigan Dep't of Corr.,* 774 F.3d 895, 907 (6th Cir. 2014) ("[n]o private right of action means no underlying lawsuit, [n]o underlying lawsuit means no jurisdiction," and "no jurisdiction means no declaratory relief") (internal citation omitted).

For all of these reasons, Plaintiff's claims based on Defendants' alleged state law violations, whether of the Ohio Revised Code, the Ohio Administrative Code, or ODRC's policies (ECF No. 1, Complaint, pp. 6-8, 12, 16, 18-19), must be dismissed for failure to state a claim.

## III.    Conclusion

In light of the above-described pleading errors, Interested Party the State of Ohio, on behalf of the Named Defendants, respectfully requests that the Court dismiss this case in its entirety, certify pursuant to 42 U.S.C. §1915(a)(3) that an appeal cannot be taken in good faith, assess costs to Plaintiff, and award any other relief deemed necessary and just by the Court.

## <u>CERTIFICATION PURSUANT TO LR 7.1(f)</u>

I certify that this memorandum exceeds the twenty-page (20) page limitation provided by LR 7.1(f), Interested Party State of Ohio moved the Court to exceed those page limits, and the Court granted the same.  Order, ECF No. 20.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAGO.gov

*Counsel for Interested Party State of Ohio*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically filed on August 16,

2021 and served upon Plaintiff via U.S. mail, postage prepaid at the below address:

Lyle Heyward, #A252-187
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 44302


<u>s/ Mindy Worly</u>
MINDY WORLY (0037395)
Principal Assistant Attorney General