UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lyle M. Heyward,                                                          Case No. 3:19-cv-2499

          Plaintiff,

    v.                                                                          MEMORANDUM OPINION
                                                                        AND ORDER

Heather Cooper, *et al.*,

          Defendants.

## I.  INTRODUCTION

Plaintiff Lyle Heyward, proceeding *pro se*, filed a response to Defendant Heather Cooper's written discovery requests.  (Doc. No. 45).  In that response, Heyward seeks a protective order declaring the "primary purpose" of Cooper's discovery requests "is to annoy and harass" him.  (*Id.* at 2).  He "requests that [D]efendant Cooper produce all Informal Complaints (ICR's), Notification of Grievances (NOG's), and Appeals to the Chief Inspector, with all responses to the same filed by" himself and 13 other inmates that Heyward previously attempted to name as co-plaintiffs in a purported class action lawsuit, that he be provided with the current addresses for each of those 13 inmates, and that those inmates be subpoenaed to testify at an eventual trial in this case.  (*Id.* at 3); (*see* Doc. No. 14 at 2-3).  And he requests that Cooper make certain admissions and produce certain documents. (Doc. No. 45 at 4).  Finally, Heyward seeks a temporary restraining order addressing what he describes as violations of his rights in the handling of legal mail at the North Central

Correctional Complex ("NCCC"), where he currently is incarcerated, and in interfering with his right to meaningful access to the courts. (*Id.* at 1, 5-7).

Interested Party, the State of Ohio, filed a brief in opposition to Heyward's motion on behalf of Defendants Joanna Factor, Cori Smith, B. Guise, and Mike Davis. (Doc. No. 47). Cooper filed a brief in opposition as well. (Doc. No. 48-1).

For the reasons stated below, I deny Heyward's motion.

## II. BACKGROUND

I previously dismissed all of Heyward's claims against all named Defendants for the failure to state a claim for which relief may be granted. (Doc. Nos. 17 and 26). Heyward appealed and the United States Court of Appeals for the Sixth Circuit affirmed my decision in part and reversed it in part. *Heyward v. Cooper*, 88 F.4th 648 (6th Cir. 2023). In particular, the Sixth Circuit reversed my dismissal of Heyward's First Amendment retaliation claim against Guise and my dismissal of Heyward's Equal Protection Clause claim against Defendants Cooper, Smith, Davis, and Factor. *Id.* at 662-63. The appellate court then remanded the case for further proceedings.

Upon remand, I entered an order adopting "the following deadlines proposed by the parties:

1.) By July 15, 2024, the parties[] shall disclose key documents, including documents pertaining to liability and/or damages, and shall identify witnesses;

2.) Any requests for written discovery shall be made by August 15, 2024; and

3.) Defendants shall disclose any expert by September 6, 2024."

(Doc. No. 37 at 1). I also ordered the parties to submit a joint status report following the close of discovery. (*Id.*).

The Defendants subsequently submitted a status report indicating Heyward had not submitted any responses to their discovery requests and had not made any requests of his own. (Doc. No. 39). Cooper then filed a motion to compel Heyward to respond to her written discovery requests. (Doc. No. 40). I granted the motion and ordered Heyward to respond no later than

2

January 10, 2025. (Doc. No. 41). Heyward filed his responses to Cooper's interrogatories, requests for production of documents, and requests for admission along with his motion. (Doc. No. 45 at 8-24).

### III. DISCUSSION

**A. MOTION FOR INJUNCTIVE RELIEF**

As I noted above, Heyward seeks injunctive relief related to the alleged violation of his rights by correctional staff members at NCCC. (Doc. No. 45 at 1). Heyward fails to show he is entitled to injunctive relief for that course of conduct, whether denominated as a temporary restraining order or as a preliminary injunction.

"In determining whether to issue a preliminary injunction/temporary restraining order, [a c]ourt must balance the following factors:

> 1. Whether the party seeking the injunction has shown a 'strong' likelihood of success on the merits;
>
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> 3. Whether an injunction will cause others to suffer substantial harm; and
>
> 4. Whether the public interest would be served by a preliminary injunction."

*English v. Neil*, No. 1:20-CV-884, 2021 WL 358475, at *1 (S.D. Ohio Feb. 1, 2021), *report and recommendation adopted,* No. 1:20-CV-884, 2021 WL 1312572 (S.D. Ohio Apr. 8, 2021) (citing *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014), and *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)) (further citation omitted).

"'[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). "A motion for a TRO or preliminary injunction is not the means by which a plaintiff already

3

in court on one claim can seek redress for all other conditions of confinement that he finds actionable." *Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 2635729, at *4 (S.D. Ohio June 12, 2013), *report and recommendation adopted,* No. 2:11-CV-399, 2013 WL 5944082 (S.D. Ohio Nov. 5, 2013) (citation and internal quotation mark omitted).

Heyward's complaint alleges claims arising under the Religious Land Use and Institutionalized Persons Act, the First Amendment's Free Speech and Free Exercise Clauses, and the Equal Protection Clause of the Fourteenth Amendment, for alleged conduct in 2018 by the named Defendants while Heyward was incarcerated at the Allen Oakwood Correctional Institution ("AOCI"). (Doc. No. 1). But his request for injunctive relief involves allegations of misconduct – interference with his legal mail and with his access to the courts – occurring after Heyward was transferred to another correctional facility. (*See* Doc. No. 45 at 1). Moreover, Heyward does not assert that any of the remaining Defendants in this case have had any involvement in any alleged violation of his rights since he was transferred from AOCI.

Because Heyward's "allegations in his motion for injunctive relief . . . are wholly unrelated to the underlying claim[s]," Heyward is not entitled to a temporary restraining order or a preliminary injunction. *Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *1 (6th Cir. Aug. 10, 2018). I deny his motion for injunctive relief.

**B.    DISCOVERY-RELATED MATTERS**

Heyward first seeks a protective order, arguing he should not be required to respond to any discovery request he believes is "overly broad, and would prove to be unduly burdensome." (Doc. No. 45 at 2).

Rule 26 states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith

<u>conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action</u>. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

>(A) forbidding the disclosure or discovery;
>
>(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
>(C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
>(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
>(E) designating the persons who may be present while the discovery is conducted;
>
>(F) requiring that a deposition be sealed and opened only on court order;
>
>(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
>(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c) (emphasis added).

This Court also has a local rule applicable to discovery disputes – Local Rule 37.1. That rule also states that, before a party may file a motion to compel, the party must first certify that party has made "sincere, good faith efforts to resolve [any] disputes." Loc. R. 37.1(a)(1).

Heyward did not make the required certifications prior to filing his motion for a protective order, which was filed simultaneously with his responses to Cooper's written discovery requests. I deny his motion for a protective order due to his failure to comply with this mandatory requirement. *See, e.g., Mohney v. USA Hockey, Inc.*, 5 F. App'x 450, 459-60 (6th Cir. 2001) (affirming district court's denial of plaintiff's motion to compel for failure to comply with Local Rule 37.1); *Copeland v. Regent Elec., Inc.*, 499 F. App'x 425, 429 (6th Cir. 2012) ("District courts may deny discovery requests that

fail to comply with [Local Rule 37.1].") (citing *Lott v. Coyle*, 261 F.3d 594, 604 (6th Cir. 2001), and *Mohney*, 5 F. App'x at 460).

Lastly, Heyward "requests" that Cooper produce certain documents, as well as addresses for 13 individuals with whom he was previously incarcerated, and that Cooper make certain factual admissions. (Doc. No. 45 at 3-4). To the extent Heyward's request can be construed as a motion ordering Cooper to produce that information and make those admissions, I deny it because it is untimely.

On May 29, 2024, Heyward and counsel for the remaining Defendants participated in a parties' planning meeting and agreed that "[a]ny requests for written discovery shall be issued no later than August 15, 2024." (Doc. No. 36). I adopted the parties' proposed deadline by an order filed on June 20, 2024. (Doc. No. 37). But August 15, 2024 came and went without any written discovery requests from Heyward. (*See* Doc. No. 39 at 1). And Heyward does not point to any evidence that he served any written discovery requests prior to their inclusion in his January 2025 response to Cooper's discovery requests. (*See* Doc. No. 45 at 8-23). Nor does he acknowledge that the deadline to serve written discovery requests had passed nearly five months earlier.[1]

Even if I were to construe Heyward's requests as implicitly seeking to extend the expired discovery deadline, he would not be entitled to relief. Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to complete discovery. Fed. R. Civ. P. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to modify a

---

[1] Heyward claims he "is just now responding to [Cooper's] discovery requests because he is just now receiving them." (Doc. No. 45 at 5). Heyward does not provide any context for what he means by "just now," nor does he explain why he did not raise this purported issue after Defendants served him with a copy of their October 8, 2024 status report. But when Heyward received Cooper's discovery requests is not material to his failure to comply with the August 15, 2024 deadline to which he agreed.

scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge*, 281 F.3d at 625 (citations and quotation marks omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citations omitted).

I conclude there is not good cause to extend the expired discovery deadline. Heyward has not made any showing that he was diligent in attempting to meet the August 15, 2024 deadline. Further, Cooper would suffer prejudice if the deadline was extended. Heyward seeks to require Cooper (who is not an employee of the Ohio Department of Rehabilitation and Correction ("ODRC")) to obtain documents in ODRC's possession that likely total in the thousands of pages, among other requirements. (*See* Doc. No. 45 at 3) (requesting "Cooper produce all Informal Complaints (ICR's), Notification of Grievances (NOG's), and Appeals to the Chief Inspector, with all responses to the same filed by" himself and 13 other inmates).

To the extent Heyward's motion could be construed to seek an extension of the discovery deadline established in the case management order, I deny the motion because Heyward has not established there was good cause for his failure to meet the original deadline.

7

## IV. CONCLUSION

For the reasons stated above, I deny the motion of Plaintiff Lyle Heyward for injunctive relief, for a protective order, for written discovery, and for an extension of the discovery deadline. (Doc. No. 45).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge